

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ANTONIO REYES-MELGOZA,<br><br>    Defendant. | 2:05-cr-0345-LDG-GWF<br><br>**ORDER** |

The indictment in this case charges Antonio Reyes-Melgoza with unlawful re-entry into the United States. Reyes-Melgoza has filed a motion to dismiss the indictment based on prior unlawful deportation (#26, response #27, reply #29).

In considering a motion to dismiss an indictment based on a prior unlawful deportation, the court must consider whether the defendant has met the burden of proving that in his previous deportation (1) the proceeding was so flawed that it effectively eliminated the right of the alien to obtain judicial review, and (2) prejudice as a result of the error(s). *United States v. Alvarado-Delgado*, 98 F.3d 492, 493 (9th Cir. 1996) (citations omitted). In order to prove prejudice, the alien defendant must show that there were plausible grounds for his relief from deportation. *United States v. Esparza-Ponce*, 193 F.3d 1133, 1136 (9th Cir. 1999).

To determine whether plausible grounds for relief existed in Reyes-Melgoza's case, the court must consider all of the elements of eligibility required to obtain a waiver under § 212(h) of the Immigration and Naturalization Act. Reyes-Melgoza must show that (1) he has a spouse, parent, or child who is either a citizen of the United States or a lawful permanent

resident; (2) his exclusion from the United States would cause extreme hardship for that family member; and (3) his admission to the United States "would not be contrary to the national welfare, safety, or security of the United States." Immigration and Naturalization Act § 212(h).

In this case, the Reyes-Melgoza has shown that both deportation proceedings were flawed. During the 1989 proceeding, the Immigration Judge failed to inform Reyes-Melgoza that he might have been eligible for relief under Immigration and Naturalization Act § 212(h). In the 2001–2003 proceedings the Immigration Judge failed to conduct a categorical Taylor analysis prior to categorizing Rape in Concert as an aggravated felony. The government has conceded that both of these proceedings were flawed; however, Reyes-Melgoza must still show that there were plausible grounds for relief from deportation.

While Reyes-Melgoza has shown that he has family members who are either citizens of the United States or lawful permanent residents[1], he has failed to establish that his exclusion from the United States would cause extreme hardship for any of those family members. The Ninth Circuit narrowly interprets the "extreme hardships" standard. For example, in *United States v. Arce-Hernandez*, 163 F.3d 559, 563-64 (9th Cir. 1998), the court ultimately found that the ill wife and children of the defendant would face economic hardship whether they stayed in the United States or went to Mexico. However, although those circumstances were undoubtedly "hardships," the court could not deem them "extreme and beyond the common results of deportation of a convict." *Id.* at 564. Here, Reyes-Melgoza has not shown that the hardship his wife and children may suffer upon his deportation fall within the "extreme hardship" standard as applied by the Ninth Circuit, and therefore has not met his burden of

---

[1] Reyes-Melgoza's wife is a U.S. citizen, his children are all U.S. citizens, his mother is a U.S. citizen, and his father is a permanent resident of the United States.

showing a plausible chance of receiving a § 212(h) waiver in his prior deportation proceedings. For these reasons,

THE COURT HEREBY ORDERS that the motion to dismiss the indictment based on prior unlawful deportations (#26) is DENIED.

DATED this ___8___ day of August, 2006.

_____
Lloyd D. George
United States District Judge

3